* The Honorable Lesley Brooks Wells, United States District Judge for the Northern District

Dowdy's original complaint reveals that she was aware of this potential defendant within the statute of limitations. She has not identified any further information subsequently obtained that inspired her to add this defendant, which would show that the statute of limitations should have been tolled on any equitable basis. Accordingly, the district court's order dismissing the complaint as to Prison Health Services is affirmed.

**Joseph GANT, Plaintiff–Appellant,**

v.

**UNIVERSITY OF MICHIGAN MEDICAL CENTER, Defendant–Appellee.**

No. 01–1372.

United States Court of Appeals, Sixth Circuit.

Oct. 26, 2001.

Before MERRITT and DAUGHTREY, Circuit Judges; WELLS, District Judge.*

of Ohio, sitting by designation.

## ORDER

Joseph Gant, a pro se Michigan resident, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 2000e (Title VII). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Without specifying the type of relief he sought in his complaint, Gant sued the University of Michigan Medical Center alleging discrimination and retaliation when he was terminated from his employment for sleeping during working hours. The district court subsequently granted summary judgment for the University.

In his timely appeal, Gant argues that the district court judge was biased and that he wants a default judgment entered against the University and his union.

We review the district court's judgment de novo. *See Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000).

The University was entitled to summary judgment as a matter of law. The facts establish that Gant was dismissed from his employment for repeatedly sleeping on the job. To establish a prima facie case of race discrimination, Gant must show by the preponderance of the evidence that he was a member of a protected class; that he was subjected to an adverse employment act; that he was qualified for a particular position; and that he was treated differently than similarly situated non-minority employees. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir.1992).

Although Gant feels that he was subjected to racial discrimination, the undisputed evidence presented by the University shows that both black and white employees had been discharged for the same conduct. Further, the University had a legiti-mate reason for terminating Gant as he had been caught sleeping on the job for a second time. This conduct was in clear violation of University policy. Therefore, the district court did not err in granting summary judgment to the University.

Gant contends that he was entitled to a default judgment against the union and the University. Gant is not entitled to a default judgment against his union as the union was never a party to the action. As for the University, the record establishes that the University timely filed an answer to Gant's complaint and properly defended itself against Gant's allegations.

Gant also contends that the district court judge was biased because he accepted the word of the University as to the events in question. The record establishes that Gant was not a victim of discrimination. He broke a rule of his employer and he was terminated from his position like all other black and white employees who broke the same rule. A judge must recuse himself if a reasonable person, knowing all the circumstances, would have questioned the judge's impartiality. *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990). Gant's claim lacks merit.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.